Below is an Opinion of the Court.

*Randall L. Dunn*
RANDALL L. DUNN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re: | ) Bankruptcy Case |
| | ) No. 15-33254-rld7 |
| DANIELLE LEE WAIT, | ) |
| | ) MEMORANDUM OPINION |
| Debtor. | ) |

On July 26, 2016, I held the final evidentiary hearing ("Hearing") on the chapter 7[1] trustee's ("Trustee") motion to settle and compromise claim ("Settlement Motion") and the debtor Danielle Lee Wait's ("Ms. Wait") objections ("Objections") to the Settlement Motion. I had set for hearing at the same time Ms. Wait's motion to convert her bankruptcy case to chapter 13 ("Motion to Convert") and the Trustee's objections thereto, but I deferred consideration of the Motion to Convert pending a decision on the Settlement Motion.

---

[1] Unless otherwise indicated, all chapter and section references are to the federal Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. All "Civil Rule" references are to the Federal Rules of Civil Procedure, Civil Rules 1-86.

Page 1 - MEMORANDUM OPINION

Following the presentation of evidence, including admitted exhibits and the testimony of the Trustee and Ms. Wait, I closed the record and heard argument. At the conclusion of the Hearing, I took the matter under advisement.

Since the Hearing, I have reviewed the Settlement Motion and the Objections. I also have reviewed the admitted exhibits and my notes from the Hearing. I have considered carefully the evidence and arguments presented. I further have taken judicial notice of relevant entries on the docket and documents filed in Ms. Wait's chapter 7 case, Case No. 15-33254-rld7, for the purpose of ascertaining facts not reasonably in dispute. Federal Rule of Evidence 201; In re Butts, 350 B.R. 12, 14 n.1 (Bankr. E.D. Pa. 2006). In addition, I have reviewed relevant legal authorities, as cited to me by the parties and as located through my own research.

In light of that consideration and review, this Memorandum Opinion states the court's findings of fact and conclusions of law under Civil Rule 52(a), applicable with respect to this contested matter under Rules 7052 and 9014.

## FACTUAL BACKGROUND

Ms. Wait filed her petition for relief under chapter 7 on July 2, 2015. The Trustee was duly appointed as the chapter 7 trustee. In her Schedule B, Ms. Wait listed a discrimination lawsuit claim ("Discrimination Claim") against Cal-Am Properties, indicating that its value was unknown. In her Schedule C, Ms. Wait claimed an exemption in the Discrimination Claim under § 522(d)(11)(A) and (D). Ms. Wait received her discharge by order entered on October 6, 2015. See Docket

Page 2 - MEMORANDUM OPINION

No. 24.

Following the § 341(a) meeting, the Trustee filed an asset report and objected to Ms. Wait's claim of exemption in the Discrimination Claim, arguing that the statutory exemptions claimed by Ms. Wait did not apply. Ms. Wait responded with a request for hearing on the Trustee's objection to her claimed exemption in the Discrimination Claim, arguing as follows:

> [Ms. Wait] has not actually received any damages for her claim against the named defendant; she may never receive any such damages; and, if she does eventually recover for her damages, she does not know, with any degree of certainty, what the nature of the award will be. Therefore, there is no purpose in litigating the validity of a potential exemption at the present time. However, debtor does believe that, based upon the nature of her claim in her lawsuit, the exemption available to her under 11 U.S.C. § 522(d)(11)(D) may well cover some of any potential award to her and so she is requesting a hearing to preserve that issue.

See Docket No. 21, at 1. Following a hearing, at the parties' request, the court entered an order abating proceedings on the Trustee's objections to Ms. Wait's claimed exemptions until further order of the court. See Docket No. 36.

On May 4, 2016, the Trustee filed an application to employ Ms. Wait's Discrimination Claim attorney as special counsel on a contingent fee basis, with the attorney entitled to a 35% contingent fee if the Discrimination Claim was settled after a lawsuit was filed and a 50% contingent fee from any settlement or recovery after appeal. See Docket No. 38, at 1. At that time, apparently, no settlement offer was pending. See id. No objections were filed, and the application ripened into an order.

On May 25, 2016, the Trustee filed the Settlement Motion. See Docket No. 42. In the Settlement Motion, the Trustee proposed to settle the Discrimination Claim for $50,000 to be paid in a lump sum by Cal-Am Properties, with attorneys fees and costs totaling $17,937.77, leaving a balance of $32,062.23 for the bankruptcy estate. As part of the proposed settlement, Cal-Am Properties would waive any claim in Ms. Wait's bankruptcy. See id., at 2.

Ms. Wait filed the Objections on June 17, 2016. See Docket No. 48. In the Objections, Ms. Wait recognized that the claims filed in her bankruptcy case, totaling $21,913.56, would be paid in full from the settlement, and she would receive a surplus in excess of $10,000. See id., at 1. However, she opposed the settlement, arguing that the Discrimination Claim was "significantly more valuable" than the settlement amount proposed, and the settlement could not be approved under Rule 9019 and Ninth Circuit standards. See id., at 2. She noted that the Oregon Bureau of Labor and Industries ("BOLI") was co-prosecuting the Discrimination Claim with her, which she believed would enhance her chances for a favorable outcome. See id., at 3. In the meantime, Ms. Wait had obtained new counsel and had filed the Motion to Convert (see Docket No. 45), which the Trustee opposed (see Docket No. 46). In her Objections, Ms. Wait further argued that in light of the Motion to Convert, she should be allowed to pay her creditors in full and continue to litigate the Discrimination Claim in chapter 13. See Docket No. 48, at 4-5.

On July 15, 2016, Cal-Am Properties filed a statement ("Cal-Am Statement") and declaration in support of the Settlement Motion. See

Page 4 - MEMORANDUM OPINION

Docket No. 54. Cal-Am Properties argued that the settlement proposed by the Trustee should be approved under the standards set forth by the Ninth Circuit in <u>Martin v. Kane (In re A & C Properties)</u>, 784 F.2d 1377 (9th Cir. 1986) (hereinafter referred to as "<u>A & C Properties</u>"). Cal-Am Properties further argued that Ms. Wait's likelihood of success in prosecuting the Discrimination Claim was more questionable than Ms. Wait asserted, and even if she prevailed at a trial, resolution of the Discrimination Claim could drag on for years before creditors would recover anything.

Following a preliminary hearing on July 18, 2016, the Hearing was scheduled as a final evidentiary hearing to be held on July 26, 2016. <u>See</u> Docket Nos. 56, 57 and 58. In advance of the Hearing, the parties stipulated to the admissibility of the Trustee's Exhibits 1-22, provided that Ms. Wait retained her right to object to the use of Exhibits 14-19 on grounds of materiality or relevance.

Cal-Am Properties owns the real property ("Property") on which Ms. Wait resides as a tenant in a manufactured home that she owns. On or about November 2010, Ms. Wait and her partner began to be subjected to persistent harassment from their neighbors at the Property, the McCleans, based on their sexual orientation. Ms. Wait reported the McCleans' behavior to Cal-Am Properties on many occasions, but although the response was "they would take care of it," Ms. Wait alleges that the harassment continued and is continuing, even though the McCleans no longer reside on the Property. <u>See</u> Exhibit 1, at 4; Exhibit 6, at 5. Ms. Wait also alleges that on or about May 31, 2012, Ms. Wait received a letter from an attorney for Cal-Am Properties stating that if she or her

Page 5 - MEMORANDUM OPINION

partner complained again, they would be evicted. See Exhibit 1, particularly at 4-5. Cal-Am Properties has been charged by BOLI with a discriminatory housing violation under Oregon Revised Statutes ("ORS") § 659A.421 and Oregon Administrative Rule ("OAR") 839-005-0206(5) ("BOLI Proceeding"). See Exhibits 1 and 6. Ms. Wait has intervened in the BOLI Proceeding and seeks damages of $200,000 plus attorneys fees and costs. See Exhibit 3, particularly at 9.

Cal-Am Properties moved for summary judgment ("SJ Motion") in the BOLI Proceeding, arguing, among other things, that BOLI exceeded its authority under ORS § 659A.421 by promulgating its administrative rule, OAR 839-005-0206(5), "which purports to make property owners liable for the discriminatory animus and acts of its tenants towards other tenants **without requiring any showing of unlawful animus on the part of the property owner.**" See Exhibit 4, at 1-3 (emphasis in original). The BOLI Administrative Law Judge denied the SJ Motion. See Exhibit 10. That decision is on appeal to the Oregon Court of Appeals. See Exhibits 11-13. My understanding is that trial in the BOLI Proceeding, originally scheduled to begin on July 27th, has been rescheduled for December 2016.

At the Hearing, I heard testimony from the Trustee and Ms. Wait. The Trustee testified as to his background and experience as an attorney, and as a chapter 7 trustee since 2005. He further testified that some time after he filed the application to employ Ms. Wait's counsel in behalf of the estate with respect to the Discrimination Claim, he was contacted by Cal-Am Properties to initiate settlement discussions. He rejected Cal-Am Properties' first settlement overtures as "too low to consider" but ultimately accepted and proposed approval of Cal-Am

Page 6 - MEMORANDUM OPINION

Properties' offer to settle the Discrimination Claim for $50,000. The Trustee believed that the $50,000 settlement was beneficial to the estate because after payment of attorneys fees and costs, the claims of unsecured creditors would be paid in full, and there would be money left over for Ms. Wait.

The Trustee testified that after reviewing the pleadings with respect to the Discrimination Claim and discussing the merits of the claim with the attorney, Mr. Ellis, and Ms. Wait, he considered the prospects for continuing prosecution of the Discrimination Claim as uncertain. While Mr. Ellis advised him that potential awards in the range of $75,000-$100,000 were possible in light of experiences in other cases, success ultimately could not be guarantied. Cal-Am Properties' pending appeal might be successful, in which event, litigation of the Discrimination Claim would have to start over in the circuit court. If Cal-Am Properties lost at trial, the Trustee was certain there would be a further appeal. Resolution of the Discrimination Claim through further litigation could take months, if not years.

While the Trustee was not concerned with the difficulty of collecting a final judgment from Cal-Am Properties, he was concerned that it would be inappropriate for him to gamble with the creditors' money, where settlement now for $50,000 would pay them in full in the short run, with funds left over for Ms. Wait. Based on the progress of negotiations with Cal-Am Properties, the Trustee felt that he had extracted the maximum he could get from them. The process had reached its limit, and there was no more money to be had from Cal-Am Properties through negotiation. His ultimate conclusion was that, based on his experience

Page 7 - MEMORANDUM OPINION

and judgment, the proposed settlement was in the best interest of creditors.

Ms. Wait testified that filing the Discrimination Claim was the culmination of her having to deal with six years of criminal discrimination and harassment. In light of the McCleans' terrorizing behavior, that did not stop even though they had been evicted from the Property for over a year, she felt trapped in her home. She has made a claim for $200,000 against Cal-Am Properties, and she felt that the proposed settlement for $50,000 was totally inadequate. Her testimony was genuine and credible.

As noted above, after hearing testimony, I closed the record, and following argument, I took the matter under advisement.

JURISDICTION

I have jurisdiction to decide the Settlement Motion under 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (O).

DISCUSSION

I consider the Settlement Motion under Rule 9019(a) which provides that, "On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."[2] The Trustee bears the

---

[2] The settlement of a claim that is an estate asset "is the equivalent of a sale of the intangible property represented by the claim." Goodwin v. Mickey Thompson Entertainment Group, Inc. (In re Mickey Thompson Entertainment Group, Inc.), 292 B.R. 415, 421 (9th Cir. BAP 2003), citing Myers v. Martin (In re Martin), 91 F.3d 389, 394-95 (3d Cir. 1996). Consequently, consideration of "section 363 and Rules 6004 [Use, Sale, or Lease of Property] and 9019(a) **may overlap** when property of the estate would be disposed of by way of a settlement." Id. (emphasis added). However, in this case, no one has raised any issues under § 363 or Rule 6004 with respect to my consideration of the
(continued...)

Page 8 - MEMORANDUM OPINION

burden of proof to persuade me that the settlement he is proposing is "fair and equitable" and in the best interests of the estate and should be approved. A & C Properties, 784 F.2d at 1381, citing In re Hallet, 33 B.R. 564, 565-66 (Bankr. D. Me. 1983).

In determining the "fairness, reasonableness and adequacy" of a proposed settlement, the Ninth Circuit mandates that I consider evidence presented with respect to four factors:

> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; © the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

A & C Properties, 784 F.2d at 1381, quoting In re Flight Transp. Corp. Securities Litigation, 730 F.2d 1128, 1135 (8th Cir. 1984), cert. denied, ___ U.S. ___, 105 S. Ct. 1169 (1985). I analyze the record with respect to each of those four factors as follows.

1. Probability of Success

$50,000 is a substantial settlement. The Trustee testified that through negotiation, he was able to increase the offer to settle from Cal-Am Properties significantly until he reached the $50,000 amount, but Cal-Am Properties would go no higher. I find material to the probability of success the fact that BOLI is co-prosecuting the

---

²(...continued)
Settlement Motion, and no one, including Ms. Wait, has offered more than $50,000 to purchase or settle the Discrimination Claim. Therefore, I consider approving the Settlement Motion under Rule 9019(a) standards only.

Page 9 - MEMORANDUM OPINION

Discrimination Claim with Ms. Wait. However, measuring "success" for the Discrimination Claim is relative.

The fact that Cal-Am Properties is willing to offer $50,000 to settle the Discrimination Claim indicates that it perceives a significant risk that Ms. Wait and BOLI could be successful if the Discrimination Claim is litigated to a conclusion. Ms. Wait testified that the $50,000 proposed settlement amount is inadequate, but she offered nothing other than her fervent belief to support the likelihood that she would obtain a $200,000 recovery.

The Trustee testified that he was advised by his special counsel, Mr. Ellis, that an award of $75,000-$100,000 on the Discrimination Claim was possible in light of experiences in other cases. However, he also testified that such an award likely would be appealed. In the event of an appeal, the contingent fee of special counsel would increase to 50%. Mathematically, the proceeds of final recoveries at $75,000 and $100,000 after litigation would result in the following approximate distributions:

```
$75,000 final award              $100,000 final award
$37,500 attorneys fees (50%)     $ 50,000 attorneys fees (50%)
$   437.77 costs³                $    437.77 costs
$21,913.56 creditor claims       $ 21,913.56 creditor claims
_____          _____
$15,148.67 Ms. Wait net          $ 27,648.67 Ms. Wait net
```

Accordingly, a final award of $75,000 after fully litigating the Discrimination Claim would result in an approximate $5,000 increased recovery to Ms. Wait, while a final award of $100,000 would result in an

---

[3] Assumes no increase from costs to date, a possible but unlikely assumption.

Page 10 - MEMORANDUM OPINION

approximate $17,500 increased recovery to Ms. Wait over her recovery if I approve the Settlement Motion. In other words, a final award after litigation would have to be very substantially higher than the amount proposed in the Settlement Motion before Ms. Wait would benefit materially from litigating the Discrimination Claim fully. The first <u>A & C Properties</u> factor appears to support approving the Settlement Motion.

2. <u>Collection Difficulties</u>

The Trustee testified, without contradiction, that he expected to be able to collect any amount awarded against Cal-Am Properties with respect to the Discrimination Claim without difficulty. There was no issue with collection. Accordingly, this factor appears to be neutral for deciding whether to approve the Settlement Motion.

3. <u>Complexity, Expense, Inconvenience and Delay</u>

Two substantial complications stand out with respect to litigating the Discrimination Claim. First, the real alleged wrongdoers in terms of discriminatory harassment of Ms. Wait and her partner, the McCleans, are not the targets of the Discrimination Claim. The McCleans might not have assets that could fund a recovery to Ms. Wait if she prevailed on claims against them. Cal-Am Properties is the target: it has assets, but the claims against it are based more on its alleged inaction in not causing the harassing activities of the McCleans to cease than on any active discrimination on its part against Ms. Wait and her partner.

Second, Cal-Am Properties has challenged BOLI's authority to adopt the administrative rule under which it is being prosecuted and has sought to require litigation of the Discrimination Claim to start over in

Page 11 - MEMORANDUM OPINION

Oregon circuit court. While the BOLI Administrative Law Judge denied Cal-Am Properties' SJ Motion, that matter already is on appeal to the Oregon Court of Appeals and could delay resolution of the Discrimination Claim for a substantial period of time if Cal-Am Properties prevails on appeal.

The Trustee testified that he believed that Cal-Am Properties would appeal an adverse determination with respect to the Discrimination Claim, and final resolution of the Discrimination Claim through litigation could take months and even years. I find that testimony credible. Continued litigation would inevitably increase costs and extend distributions from any recovery into the future. In addition, there is the risk that continued prosecution of the Discrimination Claim ultimately could result in no recovery at all. I conclude that the third <u>A & C Properties</u> factor supports approving the Settlement Motion.

4. <u>Paramount Interest of Creditors</u>

Under the proposed settlement, creditors would receive payment of their allowed claims in full in the short term, and Ms. Wait would receive a distribution in excess of $10,000, a not insubstantial recovery. While no creditor appeared at the Hearing to testify in support of the Settlement Motion, the Trustee did testify that the proposed settlement was consistent with his duties under § 704(a)(1) to "collect and reduce to money the property of the estate . . . and close such estate as expeditiously as is compatible with the best interest of parties in interest."

In contrast, if the Settlement Motion were not approved, creditors would have to wait months, if not years, to receive any

Page 12 - MEMORANDUM OPINION

distribution if further litigation were successful.  If further litigation of the Discrimination Claim were not successful, the creditors likely would not receive any distribution.  And, the potentially increased rewards Ms. Wait might receive through further litigation of the Discrimination Claim do not appear to be substantial enough to warrant the risk of no potential recovery at all.  In these circumstances, the fourth A & C Properties factor clearly supports approval of the Settlement Motion.

Based upon the foregoing analysis and application of the standards for approving a settlement under Rule 9019(a), as interpreted by the Ninth Circuit in A & C Properties, I conclude that the settlement of the Discrimination Claim proposed by the Trustee in the Settlement Motion is fair and equitable, and it is in the best interests of Ms. Wait's bankrupt estate that I approve it.  Accordingly, I will grant the Settlement Motion and will enter an order approving the Settlement Motion contemporaneously herewith.

###

cc:	Danielle Lee Wait
	Nicholas J. Henderson
	Douglas L. Pahl
	Rodolfo A. Camacho
	US Trustee